25CA1925 Fernsler v Holmquest 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1925
Boulder County District Court No. 25CV75
Honorable J. Chris Larson, Judge

Tobiah Peter Fernsler,

Plaintiff-Appellant,

v.

Lisa Holmquest and Michael Holmquest,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE KUHN
Freyre and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

Tobiah Peter Fernsler, Pro Se

James D. Bramer LLC, James D. Bramer, Windsor, Colorado, for Defendants-Appellees

¶ 1    Plaintiff, Tobiah Peter Fernsler, appeals the district court's order dismissing his complaint based on claim preclusion. We reverse and remand with directions.

## I.    Background

¶ 2    Fernsler rented a home from defendants, Lisa Holmquest and Michael Holmquest. Disputes between the parties arose over property conditions, payments of rent, and repair schedules. Eventually, the Holmquests sought to terminate Fernsler's tenancy. A series of lawsuits followed.

¶ 3    In 2024, Fernsler brought a lawsuit in district court that claimed, among other things, breach of the warranty of habitability and retaliation (the 2024 case). The Holmquests moved to dismiss the 2024 case under C.R.C.P. 12(b)(5), and the district court ultimately granted the motion. Yet the court dismissed Fernsler's complaint without prejudice and afforded him the option to cure the defects to any of his claims.

¶ 4      During the pendency of the 2024 case, the Holmquests brought an eviction action in county court (the eviction case).[1] Fernsler answered, raising, in relevant part, the affirmative defenses of breach of the warranty of habitability and retaliation. He later attempted to amend his answer to also include counterclaims for breach of the warranty of habitability and retaliation, but the county court struck the amended answer on procedural grounds. The county court then held a bench trial and found Fernsler guilty of unlawful detainer, entering judgment of possession for the Holmquests.

¶ 5      In 2025, Fernsler initiated the lawsuit at issue here, bringing claims of breach of the warranty of habitability and retaliation (the 2025 case). The Holmquests moved to dismiss his complaint under Rule 12(b)(5). The district court granted their motion based on the doctrine of claim preclusion, which "prevents parties from relitigating claims that were or that could have been litigated in a

---

[1] Before Fernsler initiated the 2024 case, the Holmquests brought an initial eviction action in county court. That county court case was consolidated into the 2024 case. The district court later granted the Holmquests' request to dismiss the eviction action as moot in the 2024 case. The Holmquests then brought the eviction case that is discussed here.

prior proceeding." *Gale v. City & County of Denver*, 2020 CO 17, ¶ 14.

¶ 6 The court ruled that claim preclusion barred Fernsler's claims because the claims had already been fully adjudicated in the eviction case. In particular, the district court relied on the amended answer as demonstrating that Fernsler's defenses and purported counterclaims were identical to the claims brought in the 2025 case. The court's order concluded by stating that Fernsler's claims were dismissed "[f]or this[] and other reasons."

## II. Analysis

¶ 7 On appeal, Fernsler contends that the district court erred by (1) relying on records from prior cases that were outside the pleadings; (2) applying claim preclusion to bar his claims; and (3) relying on unspecified "other reasons" in its conclusion. After setting out the standard of review, we address each contention in turn.

### A. Standard of Review and Applicable Law

¶ 8 We review de novo a dismissal for failure to state a claim under Rule 12(b)(5), and we apply the same standards as the district court. *Norton v. Rocky Mountain Planned Parenthood, Inc.*,

3

2018 CO 3, ¶ 7.  To survive dismissal under Rule 12(b)(5), a plaintiff must plead sufficient facts that suggest plausible grounds to support a claim for relief.  *Warne v. Hall*, 2016 CO 50, ¶ 24; *Froid v. Zacheis*, 2021 COA 74, ¶ 29.

¶ 9    In conducting our review, "[w]e accept all factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, but we are not required to accept bare legal conclusions as true."  *Norton*, ¶ 7.  We may consider only "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice."  *Id.*  We will uphold a district court's order granting a Rule 12(b)(5) motion only if the plaintiff's factual allegations do not support the claim for relief as a matter of law.  *Norton*, ¶ 7.

¶ 10    Also, "[w]e review de novo a judgment entered on the basis of claim preclusion."  *Foster v. Plock*, 2017 CO 39, ¶ 10; *see also City of Aurora v. Scott*, 2017 COA 24, ¶ 23 ("Where the facts are undisputed, claim preclusion is a question of law that we review de novo.").  Claim preclusion applies when four elements are met: "(1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior

4

and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another." *Gale*, ¶ 14 (quoting *Meridian Serv. Metro. Dist. v. Ground Water Comm'n*, 2015 CO 64, ¶ 36).

¶ 11 Lastly, we construe filings broadly for pro se litigants like Fernsler, but that does not mean we act as an advocate for self-represented parties. *See Johnson v. McGrath*, 2024 COA 5, ¶ 10.

## B. Judicial Notice

¶ 12 Fernsler contends that the district court erred by taking judicial notice of evidence from the eviction and 2024 cases without converting the motion to dismiss into a motion for summary judgment. We aren't persuaded.

### 1. Applicable Law for Judicial Notice

¶ 13 Under CRE 201(b), a court can take judicial notice of adjudicative facts not subject to reasonable dispute. *See Doyle v. People*, 2015 CO 10, ¶¶ 8-11. Thus, a district court may take judicial notice of its own record or the contents of records in related proceedings. *Vento v. Colo. Nat'l Bank*, 985 P.2d 48, 52 (Colo. App. 1999) (citing cases).

5

¶ 14    In doing so, a court can take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment, subject to certain limitations. *Bristol Bay Prods., LLC v. Lampack*, 2013 CO 60, ¶ 46 (*Lampack II*), *aff'g in part and rev'g in part*, 313 P.3d 674 (Colo. App. 2011) (*Lampack I*). Case law generally allows a court to take judicial notice of the following items without having to convert a motion to dismiss to one for summary judgment:

- documents central to the plaintiff's claims and submitted with the motion to dismiss, *see Walker v. Van Laningham*, 148 P.3d 391, 397-98 (Colo. App. 2006);

- records from a prior case that are directly related and involve the same parties and issues, *see Vento*, 985 P.2d at 52; and

- records from prior litigation needed for deciding a Rule 12(b)(5) motion on the basis of claim or issue preclusion, *see Lampack I*, 313 P.3d at 686.

¶ 15    But judicial notice of a prior case to establish "that various proceedings or actions have already taken place" is limited to judicial notice of "the occurrence or operable effect" of such

proceedings.  *Doyle*, ¶¶ 11-12.  A court may not take judicial notice of adjudicative facts from prior litigation for the purpose of accepting the truth or accuracy of those facts.  *Id.* at ¶ 11.

### 2. The District Court Properly Took Judicial Notice of Prior Case Records

¶ 16 Here, the district court implicitly took judicial notice in its dismissal order.  The court reviewed and relied on certain pleadings in the eviction case: the claims brought before the county court, the defenses Fernsler presented in his answer, the counterclaims he included in his stricken amended answer, and the county court's final order.

¶ 17 These records were proper for judicial notice because the Holmquests submitted a copy of the final order from the eviction case with their motion to dismiss (which Fernsler didn't object to in his response), *see Walker*, 148 P.3d at 398; the eviction case was directly related to the parties' dispute over the rental property, which was the basis of Fernsler's claims for breach of the warranty of habitability and retaliation, *see Vento*, 985 P.2d at 52; and the records from the related cases that the district court relied on were

necessary for determining claim preclusion, *see Lampack I*, 313 P.3d at 686.[2]

¶ 18     Furthermore, the district court wasn't required to convert the motion to dismiss to summary judgment.  This is because the court limited its judicial notice to Fernsler's pleadings and the final order, i.e., the records needed to evaluate claim preclusion.  *See id.*  By contrast, the court didn't take extensive notice of voluminous records, transcripts, or evidence.  *Cf. Lampack II*, ¶ 46 (holding that the district court erred by not converting a motion to dismiss to summary judgment after considering voluminous materials from a related case, including "pleadings, jury instructions, the jury's special verdict, hundreds of pages of trial transcripts, and affidavits from counsel").

¶ 19     We reject Fernsler's assertion that the district court's judicial notice of portions of the records in the eviction case erroneously considered adjudicated facts subject to reasonable dispute.  For the eviction case, the district court implicitly noticed only the

---

[2] Neither party disputes that the Holmquests could raise claim preclusion in their motion to dismiss based on it being clearly applicable on the face of the pleadings.  *See Bristol Bay Prods., LLC v. Lampack*, 2013 CO 60, ¶ 45.

8

"occurrence or operable effect" of the claims pleaded, the amended answer, and the claims' final adjudication. *Doyle*, ¶ 10; *see Lampack I*, 313 P.3d at 686. This use didn't consider the accuracy or truth of the adjudicated facts that supported the pleadings or the county court's final order. *See Doyle*, ¶ 11; *Vento*, 985 P.2d at 52 (holding that the district court didn't err by taking judicial notice of orders entered in a prior case that were "directly related to this case and involved the same parties").

## C.   Claim Preclusion

¶ 20   Fernsler next contends that the district court erred by holding that the defenses and purported counterclaims brought in the eviction case barred his present claims under the claim preclusion doctrine. We agree.

¶ 21   Recall that in the eviction case Fernsler raised the affirmative defenses of breach of the warranty of habitability and retaliation. He attempted to assert in his amended answer those same legal theories as counterclaims seeking damages. But the county court struck Fernsler's amended answer because he filed it without leave of the court on the eve of trial. However, the district court then specifically relied on Fernsler's stricken counterclaims and defenses

to establish the third element for claim preclusion — that the eviction case addressed identical claims for relief. *See Gale*, ¶ 14. The district court reversibly erred in this regard for two reasons.

¶ 22 First, because the counterclaims were stricken, they weren't claims actually before — let alone finally adjudicated by — the county court. *See Fiscus v. Liberty Mortg. Corp.*, 2014 COA 79, ¶ 35 (holding that claim preclusion doesn't apply to stricken counterclaims), *aff'd on other grounds*, 2016 CO 31; *Grynberg v. Phillips*, 148 P.3d 446, 449-50 (Colo. App. 2006) (holding that claim preclusion isn't supported without a final judgment on the prior claims). Of course, claim preclusion could still apply if the counterclaims should have been properly pleaded as compulsory counterclaims. *See Allen v. Martin*, 203 P.3d 546, 555 (Colo. App. 2008). But Fernsler's counterclaims of breach of the warranty of habitability and retaliation couldn't have been compulsory in the eviction case because the same claims were then pending in the 2024 case. *See* C.R.C.P. 13(a)(1) (stating that a counterclaim is not compulsory if, "[a]t the time the action was commenced[,] the claim was the subject of another pending action"). Without having been actually pleaded — or required to have been pleaded — Fernsler's

stricken counterclaims in the eviction case couldn't constitute claims that are identical to those brought here.

¶ 23    Second, Fernsler's "purely defensive use" of breach of the warranty of habitability and retaliation "d[id] not preclude a later action for affirmative recovery on the same theor[ies]." *Eason v. Bd. of Cnty. Comm'rs*, 961 P.2d 537, 539 (Colo. App. 1997).  Indeed, the county court addressed Fernsler's affirmative defenses as they related to the issue of whether the Holmquests were entitled to *possession.*  But this is not identical to the issue before the district court of whether Fernsler was entitled to his own relief in the form of *damages.  Cf. Aspen Plaza Co. v. Garcia*, 691 P.2d 763, 765 (Colo. App. 1984) ("[R]esolution of [possession] does not preclude a determination of [the] lessee's constructive eviction [claim], since that issue relate[s] to damages, not to possession.").  Therefore, merely because Fernsler pursued as defenses the same legal theories presented in his claims here doesn't mean those defenses were identical claims for relief.

¶ 24    Nonetheless, while the district court's claim preclusion analysis relied solely on the eviction case, the Holmquests cite the 2024 case, arguing that it constitutes alternative grounds for

11

barring Fernsler's claims on the bases of claim preclusion and claim splitting.[3]  *See Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005) (holding that claim preclusion bars a party from splitting claims "tied by the same injury" into separate actions); *Holnam, Inc. v. Indus. Claim Appeals Off.*, 159 P.3d 795, 798 (Colo. App. 2006) (holding that claim preclusion bars relitigation of claims tied by the same injury that were actually decided or that might have been decided).

¶ 25     However, the district court in the 2024 case dismissed Fernsler's complaint without prejudice, stating, "Fernsler may seek to refile his claims if he thinks he can address the defects identified by the [c]ourt in this order and otherwise state valid claims for relief."  This means that the claims in the 2024 case weren't finally decided because Fernsler could attempt to relitigate them.  *See*

---

[3] Although the district court didn't rely on the 2024 case, we take judicial notice of certain contents from the 2024 case's record for the purpose of analyzing the Holmquests' contention.  *See* CRE 201(b).  This is because the case is directly related to the proceedings here — it involved the same claims, parties, and underlying dispute over the home rental and eviction.  *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (holding that an appellate court can take judicial notice of the contents of court records in a related proceeding).

*Harris v. Reg'l Transp. Dist.*, 155 P.3d 583, 585 (Colo. App. 2006) ("Ordinarily, the dismissal of a complaint without prejudice is not a final and appealable order."); *FSDW, LLC v. First Nat'l Bank*, 94 P.3d 1260, 1263 (Colo. App. 2004) (holding that the court's dismissal without prejudice wasn't final for claim preclusion because it wouldn't "preclude further litigation"); *see also Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 47 (a determination of finality depends on the substance of the judgment). It follows that the claims weren't previously decided or might have been decided because judgment in the prior proceeding wasn't yet final, making claim preclusion inapplicable to the 2024 case.[4] *See Holnam*, 159 P.3d at 798; *Gale*, ¶ 14.

¶ 26 Therefore, the district court erred by dismissing Fernsler's claims based on claim preclusion. Accordingly, we must remand the case to the district court for reevaluation of the Holmquests' motion to dismiss in accordance with this opinion and to conduct any further proceedings as it concludes are appropriate.

---

[4] Fernsler further contends that "[t]he dismissal also cannot be affirmed on statute-of-limitations grounds." But as Fernsler notes, the district court did not rule on any applicable statutes of limitation. Accordingly, we take no position on the matter.

### D. Other Reasons

¶ 27 Finally, Fernsler challenges the language of the district court's conclusion in its 2025 order, which states, "For this, *and other reasons* alleged by the [Holmquests] . . . , this matter is dismissed." (Emphasis added.) However, our disposition renders moot Fernsler's challenge to this superfluous "other reasons" language.

### III. Disposition

¶ 28 The judgment is reversed, and the case is remanded for further proceedings as articulated in this opinion.

JUDGE FREYRE and JUDGE JOHNSON concur.